■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL GALLELLA, Appellant.— Judgment convicting defendant of a violation of section 1141 of the Penal Law, and sentence thereon, unanimously modified, on the law, on the facts and in the exercise of discretion, to eliminate from the sentence the direction that the defendant pay a fine and to reduce the sentence of imprisonment to the time already served by defendant; and the judgment, as so modified, is affirmed. Giving due consideration to all the circumstances, the sentence, as imposed, was excessive. In the interests of justice including the taking into consideration of the time lapse since the imposition of the sentence, we have concluded that the sentence should be reduced as aforesaid. Concur — Breitel, J. P., Rabin, McNally, Eager and Staley, JJ.

■ UNISTEL TEXTILE MACHINE CORP., Respondent, v. STRUTHERS WELLS CORP., Appellant.— Judgment upon a verdict directed in favor of plaintiff, unanimously reversed, on the law, and a new trial ordered, with $50 costs to abide the event. The intent of the letter of August 24, 1962 was in our opinion a question of fact for the jury, and the determination by the court that the letter constituted a breach of contract as a matter of law must accordingly be deemed error. We find no other evidence on which to predicate a breach of contract as a matter of law. Plaintiff's contention that defendant's promise was wholly unconditional is in plain conflict with its terms, and whether defendant performed its implied covenant to use reasonable efforts to effect sales was on this record an issue of fact to be resolved by the jury. Concur — Botein, P. J., McNally, Stevens, Steuer and Staley, JJ.